UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| AEDAN MCCARTHY, )<br>)<br>Movant )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | Civil No. 05-179-P-H<br>Criminal No. 93-77-P-H |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Aedan McCarthy has filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 attempting to challenge the sentence imposed upon him on January 23, 1995, following his conviction for conspiracy to commit bank robbery, armed bank robbery, use of a firearm during a crime of violence, and status as an armed career criminal. McCarthy raises two grounds in this motion: (1) that he was denied counsel on one of the predicate offenses the Government used to establish his status as an armed career criminal; and (2) the court's bank robbery sentence was illegal because it was in excess of the statutory maximum. McCarthy took a direct appeal from his conviction which was denied. United States v. McCarthy, 77 F.3d 555 (1st Cir. 1996), cert denied 519 U.S. 991 (1996). He then filed an earlier motion pursuant to 28 U.S.C. § 2255. The motion was denied by this Court and denied on appeal, with the First Circuit leaving the window open a sliver by stating that McCarthy could "reopen" his § 2255 petition if he were able to convince the

state court to vacate any of his prior convictions. McCarthy v. United States, 187 F.3d 622 (Table), 1998 WL 1085766 (1st Cir. 1998) (unpublished opinion).

McCarthy first attempted to reopen this earlier § 2255 motion by filing a "motion to reopen." This court denied that motion by order dated August 30, 2005. According to the exhibits McCarthy attaches to this current § 2255 motion, he has spent since March 1997 diligently trying to obtain relief in the Connecticut courts from a 1958 conviction for ten counts of burglary. See McCarthy v. Comm'r of Corr., 274 Conn. 557, 560 n.3, 877 A.2d 758, 760 n.3 (Conn. 2005). Nevertheless, as Judge Hornby notes in his order denying the motion to reopen, McCarthy was not able to convince the Connecticut courts to vacate his 1958 conviction, so McCarthy's status vis-à-vis post-conviction relief in this court is exactly the same as it was in 1998 when his first 28 U.S.C. § 2255 motion was denied.

Accordingly I recommend that the court **DISMISS** this petition because it is clearly time barred and additionally it is a second and successive petition[1] within the meaning of 28 U.S.C. § 2255, ¶ 8 and it has not been certified by a panel of the First Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(b)(3).

NOTICE

A party may file objections to those specified portions of a
magistrate judge's report or proposed findings or recommended decisions
entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by

---

[1] McCarthy argues that he should be allowed to raise this issue now because it is based upon "newly discovered evidence" that he did not learn about until 1999 and that since 1999 he has diligently been trying to exhaust state court remedies in order to be able to bring this matter back to this court. Unfortunately the claimed newly discovered evidence pertains to the 1958 conviction that was not vacated. There is no evidence in this record sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of this federal offense (or of being an armed career criminal). I therefore doubt that he could obtain the necessary certification from the court of appeals. McCarthy's recourse may be limited to whatever post judgment challenge he is able to make to the Connecticut Supreme Court's decision in his state habeas corpus petition. Certainly this court does not have jurisdiction to entertain that question.

the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

September 28, 2005.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge